JONATHAN CHURCH & others *vs.* HAMBLIN SAVAGE.

An administrator, who, after representing the estate of his intestate insolvent, sells
real estate, pursuant to license from the probate court, may apply the proceeds
of such sale to the payment in full of a debt secured by mortgage on said real
estate, duly recorded, but previously unknown to him and the purchaser, and
charge himself in his account with the balance only of such proceeds.

THIS was an appeal from a  decree of the judge of probate
for this county, allowing the account of the respondent as ad-
ministrator of the estate of Mason Gordon.

The respondent in his account charged himself with the
" avails of the sale of real estate sold by order of probate
court, (subject to incumbrances,) $12," and in a memorandum
at the foot of the account stated that said real estate was sold
for the sum of $516, but that at the time of the sale there was
a mortgage thereon, amounting with the unpaid interest to
$504, which amount was liquidated by the administrator ;
and that this mortgage was entirely unknown to himself or to
the purchaser at the time of the sale.   The mortgage had

been duly recorded. At the time of the sale Gordon's estate had been represented insolvent, and commissioners of insolvency had been appointed to receive and examine claims against it.

The appellants filed as reasons of appeal: 1. That the respondent did not charge himself in his account with the sum of $516, received by him for the sale of the real estate of his intestate, instead of $12, as charged in said account; 2. That the respondent, after commissioners of insolvency had been appointed, liquidated and paid in full a debt of $504, which had not been presented to the commissioners; and had, in effect, charged the same in his account; 3. That the real estate was sold for $516, subject to incumbrances, as appeared by the account, and that therefore the mortgage in question was an incumbrance to be paid by the purchaser, and not by the administrator; and, 4. That the mortgage was duly recorded, and therefore all persons had legal notice thereof at and before the sale.

*I. Sumner* and *B. Palmer,* for the appellants, cited Rev. Sts. *c.* 65, §§ 8, 9; *c.* 68, § 20; *Amory* v. *Francis,* 16 Mass. 308; *Gibson* v. *Crehore,* 5 Pick. 146; *Abby* v. *Fuller,* 8 Met. 36.

*C. N. Emerson,* for the respondent, cited *Hancock* v. *Minot,* 8 Pick. 29; Rev. Sts. *c.* 107, § 30; *Stearns* v. *Stearns,* 1 Pick. 157; *Abby* v. *Fuller,* 8 Met. 36; *Bascom* v. *Butterfield,* 1 Met. 536; *Bliss* v. *Lee,* 17 Pick. 83; *Gordon* v. *Gibbs,* 3 Smedes & Marsh. 473; *Byrd* v. *Holloway,* 6 Smedes & Marsh. 199.

SHAW, C. J. The only question here, it appears to us, is a question of fact. If the administrator sold the equity, in terms, that is, the estate subject to the mortgage, then he had no right to pay the mortgage debt. But if he sold an estate, before he could give a title, he must discharge the incumbrance, and the difference was all which could go into the assets of the estate. Whether in form he credited the estate with the gross sale, and charged the payment of the sum necessary to redeem it, or whether he credited the balance only, was a mere difference in the form of keeping the account.

It is stated as among the reasons of appeal, that the administrator paid the mortgagee his whole debt, in full, whereas he

should have paid him a dividend only. But the mortgagee had no occasion to prove his debt, unless he claimed a balance beyond the value of his mortgage. He could not be divested of his security in the mortgage, until his debt was paid in full; and the administrator paid him his debt, not because he was a creditor, but to redeem the mortgaged property and save something for the estate. It was paid out of the avails of the sale, and not of the assets of the estate. Had the administrator paid the mortgagee any thing beyond the clear proceeds of the sale of the estate, it would have been a payment in his own wrong, and could not be allowed him in account.

Nor is it material, that this mortgage was not known to the parties at the time of the sale, although it might have been discovered by searching the record. The mortgage existed, and the administrator, in order to receive his money of the purchaser, must make a good title; and must discharge the incumbrances, whatever they were; and to do this he must pay the debt for which it was mortgaged. If the incumbrances exceeded the value, there was nothing for the administrator to receive.

*Decree of the judge of probate affirmed, and the case remitted to the probate court.*